UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

GHEORGHE PETRE,

                Plaintiff,          **MEMORANDUM & ORDER**
                                    23-CV-1641(EK)(MMH)

        -against-

NYS WORKERS' COMPENSATION BOARD, PMA
COMPANIES, MYMATRIXX AN EXPRESS
SCRIPTS CO., et al.,

                Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Gheorghe Petre brings this action alleging

deprivation of due process under Section 1983.  These

constitutional claims arise from the adjudication of Petre's

claims for workers' compensation — stemming from a twenty-five-

year-old injury — before the New York State Workers'

Compensation Board ("WCB"), and his later appeals to the New

York State Supreme Court and Appellate Division.  All defendants

have moved to dismiss Petre's *pro se* complaint under Rules

12(b)(1) and (6).  For the reasons set out below, those motions

are granted.

## I.  Background

        The following facts are drawn from the complaint,

documents incorporated by reference, documents integral to the

complaint, and documents of which the Court may take judicial notice. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-3 (2d Cir. 2002). They are assumed true for purposes of this order. *Id.* at 152.

In 1999, Petre — who was then working as a machine shop supervisor — "injured his lower back and the right foot in a work related accident." Compl. ¶ 4, ECF No. 1. He filed claims for workers' compensation benefits, both for those initial injuries and a series of later injuries. *Id.* ¶¶ 4-6. The WCB eventually (in 2004) classified Petre as permanently disabled. *Id.* ¶ 8. Beginning in 2002, Petre represented himself before the WCB. *Id.* ¶ 10.

**A.    The Physical Therapy Dispute**

Under the state's Medical Treatment Guidelines, Petre's benefits covered ten sessions per year of physical therapy for his injuries. *Id.* ¶¶ 16, 18-19. In 2011, Petre and his insurance carrier, American Motorists Insurance Company ("AMICO") signed a stipulation before a Workers' Compensation Law Judge. *Id.* ¶ 14, 121; *see also* ECF No. 81-1. The parties agreed that Petre would receive substantially more therapy sessions than the Medical Treatment Guidelines called for — three times per week for four weeks, and then two times per month thereafter. *Id.* ¶¶ 14, 16. For a time, Petre received

the sessions called for by the stipulation *and* those called for by the Medical Treatment Guidelines. *Id.* ¶ 18.

In 2013, a state court in Illinois, where AMICO is domiciled, placed the company into liquidation. Ancillary Receivership Order, ECF No. 10-1. PMA Management Corporation ("PMA") then assumed coverage of Petre's workers' compensation benefits. Compl. ¶ 124.

Beginning in August 2018, PMA determined that it would honor the stipulation, but not also cover the Guidelines' ten therapy sessions per year in addition. *Id.* ¶ 19. Petre sought and received a hearing before a Workers' Compensation Law Judge, who sided with PMA, holding that Petre was only entitled to two sessions per month (i.e., twenty-four sessions per year), consistent with the stipulation. *Id.* ¶ 20; *see also* ECF No. 81-2. A WCB appellate panel affirmed, as did the full Board. *Id.* ¶¶ 22-23; *see also* ECF Nos. 81-3, 81-4.

The New York Workers' Compensation Law permits claimants to appeal WCB decisions to the Appellate Division of the state Supreme Court. N.Y. Workers' Comp. Law § 23. Petre sought review before the Third Department, which denied his appeal in 2021. *Petre v. Allied Devices Corp.*, 191 A.D.3d 1086, 1088 (3d Dep't 2021). The New York Court of Appeals denied Petre's motion for leave to appeal that same year. *Petre v. Allied Devices Corp.*, 170 N.E.3d 453 (N.Y. 2021).

3

**B.    The Prescription Dispute**

In August 2021, Petre initiated another administrative proceeding before a Workers' Compensation Law Judge.  He sought reimbursement for a prescription anticonvulsant medication, which PMA had declined to cover.  Compl. ¶¶ 66, 68.  The judge agreed with PMA that Petre's doctors had to seek prior authorization before Petre could request reimbursement for the medication.  *Id.* ¶ 72.  Petre unsuccessfully appealed this decision, too, to an administrative panel, the full WCB, and the Third Department.  *See* ECF Nos. 81-5, 81-6; *Petre v. Allied Devices Corp.*, 213 A.D.3d 1117, 1118 (3d Dep't 2023).

This action followed.  Petre brings a Section 1983 claim for deprivation of procedural due process under the Fourteenth Amendment.[1]  He seeks four remedies: (1) a declaration that he is entitled to reimbursement for the ten additional physical therapy sessions under the 2011 stipulation; (2) a declaration that he is entitled to reimbursement for the anticonvulsant without prior authorization; (3) reimbursement of "all unpaid expenses, including co-payments, submitted in the last four years," with interest; and (4) the imposition of

---

[1]  In his response, Petre insists that this complaint does not invoke Section 1983.  Pl.'s Resp. to Mot. to Dismiss 3, ECF No. 82.  But Petre brings a claim under the Fourteenth Amendment.  Compl. ¶ 2, 142.  And "the vehicle for a civil action to enforce a claim that arises under the Fourteenth Amendment is [Section] 1983." *Sykes v. N.Y. State Off. of Children & Family Servs.*, No. 18-CV-8309, 2019 WL 4688608, at *10 (S.D.N.Y. Sept. 25, 2019) (citing *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)).

punitive damages and various monetary "sanctions" on the defendants.  Compl. ¶ 153.

## II.  Legal Standard

The defendants have moved for dismissal under Rules 12(b)(1) and (b)(6).  When a party moves for dismissal under Rule 12(b)(1) and on other grounds, a court should consider the Rule 12(b)(1) challenge first.  *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of establishing subject matter jurisdiction.  *Id.*

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).  Moreover, when a plaintiff is proceeding *pro se*, courts "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  That said, a *pro se*

plaintiff must still comply "with relevant rules of procedural and substance law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### III. Discussion

Petre asserts due process claims against two categories of defendant: (1) the WCB, a New York state agency; and (2) various private defendants who he alleges were involved in his workers' compensation benefits adjudications before the WCB and state courts — namely, AMICO (currently held in ancillary receivership by the New York State Liquidation Bureau), PMA, PMA's lawyers, and PMA's pharmacy benefit manager, myMatrixx. He alleges that the defendants' collective "interference" with his "right to medical treatment" violated the Fourteenth Amendment. Compl. ¶¶ 2, 142.

The Court concludes that it lacks jurisdiction over Petre's claims against the WCB. It also concludes that Petre fails to state a Section 1983 claim against the remaining defendants.

### A.    The Claim Against the WCB

Petre's claims against the WCB are barred by sovereign immunity. Under the Eleventh Amendment, if Congress has not explicitly abrogated a state's immunity from suit, a non-consenting state is immune from suits brought by its own citizens in federal court. *Clissuras v. City Univ. of New York*,

359 F.3d 79, 81 & n.3 (2d Cir. 2004) (per curiam).  Section 1983
did not abrogate New York's sovereign immunity.  *See Will v.
Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989).  And
"[i]t is well-established that New York has not consented to
[Section] 1983 suits in federal court."  *Mamot v. Bd. of
Regents*, 367 F. App'x 191, 192 (2d Cir. 2010).

Actions brought against a state agency are actions
against the state itself.  *See Gollomp v. Spitzer*, 568 F.3d 355,
365-66 (2d Cir. 2009).  The WCB is a state agency.  *Palma v.
Workers Comp. Bd. of N.Y.*, 151 F. App'x 20, 21 (2d Cir. 2005).
So, the WCB is entitled to sovereign immunity.  *Id.*  This means
the Court lacks jurisdiction over Petre's claims against the
WCB.  *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)
("Sovereign immunity is a jurisdictional bar . . . .").[2]

**B.    The Claims Against the Remaining Private Defendants**

While the Court has jurisdiction over Petre's
remaining claims, he has failed to state a claim against any
private defendant.

---

[2] Sovereign immunity does not bar injunctive relief against state actors
in their official capacity.  *Ex parte Young*, 209 U.S. 123, 159-60 (1908).
And Petre seeks a declaration that the WCB and state court decisions
regarding his benefits are void — relief that is properly characterized as
equitable.  *See A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S.
324, 331 (1961).  To the extent that sovereign immunity does not prohibit
those remedies, however, the *Rooker-Feldman* doctrine does.  *E.g., Ford v.
U.S. Dep't of Treasury I.R.S.*, 50 F. App'x 490, 491 (2d Cir. 2002) (*Rooker-
Feldman* barred plaintiff's request for "a declaration that the [underlying]
foreclosure judgment [was] void").

1.    <u>Neither *Burford* nor *Younger* Abstention Applies</u>

AMICO and the State Liquidation Bureau argue that this Court should decline to exercise its jurisdiction over the claims against them pursuant to *Burford* and *Younger* abstention. Neither doctrine, however, applies here.

When a plaintiff brings a claim for money damages under Section 1983, a court may not abstain under either *Burford* or *Younger*. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996) ("[F]ederal courts have the power to dismiss or remand cases based on [*Burford*] abstention principles only where the relief being sought is equitable or otherwise discretionary."); *Rivers v. McLeod*, 252 F.3d 99, 101-02 (2d Cir. 2001) ("[A]pplication of the *Younger* doctrine is inappropriate where the litigant seeks money damages for an alleged violation of [Section] 1983."). By requesting "punitive damages" for the alleged due-process violation, Petre has asserted such a claim. Compl. ¶¶ 2, 142, 153. Accordingly, abstention is not warranted.

2.    <u>The *Rooker-Feldman* Doctrine Does Not Apply</u>

The remaining private defendants argue that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over the claims against them. They are also mistaken.

The "basic theory" behind the *Rooker-Feldman* doctrine
is that "only the United States Supreme Court has been given
jurisdiction to review a state-court decision."  18B Charles
Wright & Arthur Miller, *Federal Practice and Procedure* § 4469.1
(3d ed.).  So, district courts lack jurisdiction over "cases
brought by state-court losers complaining of injuries caused by
state-court judgments rendered before the district court
proceedings commenced and inviting district court review and
rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic
Indus. Corp.*, 544 U.S. 280, 284 (2005).  Successful invocations
of this doctrine are the exception rather than the rule.
Indeed, the Eleventh Circuit was recently moved to opine that
"district courts should keep one thing in mind when *Rooker-
Feldman* is raised: it will almost never apply."  *Behr v.
Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021).

Some of Petre's requested relief does fall within the
ambit of *Rooker-Feldman*.  *See supra* at note 2.  But Petre also
seeks money damages for deprivation of procedural due process
under the Fourteenth Amendment.  Compl. ¶ 153.  And if this
Court were to hold that the WCB owed Petre damages for violating
his due process rights, this conclusion would not necessarily
"call into question any of the [WCB's] findings regarding
[Petre's entitlement to benefits]."  *Phifer v. City of New York*,

289 F.3d 49, 61 (2d Cir. 2002). *Rooker-Feldman* therefore does not deprive the Court of jurisdiction.

    3.   <u>Petre States No Claim Against the Private Defendants</u>

        Petre fails to state a Section 1983 claim against AMICO, PMA, PMA's lawyers, or myMatrixx because he has not adequately alleged state action on the part of those defendants.

        Section 1983 only applies to state actors. *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996). So, to state a Section 1983 claim, Petre would have to "allege facts demonstrating that the [private defendants] acted in concert with [a] state actor to commit an unconstitutional act." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). This is a high bar, and Petre does not clear it. He alleges only that these defendants engaged in a "premeditated conspiracy" with the WCB to deprive him of medical treatment. Compl. ¶ 142. "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a [Section] 1983 claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

        That leaves the State Liquidation Bureau. The New York Court of Appeals has held that the Bureau is not a "state agency" within the meaning of the New York Finance Law. *See Dinallo v. DiNapoli*, 877 N.E.2d 643, 648 (N.Y. 2007) ("The Bureau does not perform a governmental or proprietary function

for the state, but rather runs the day-to-day operations of private businesses in liquidation pursuant to Supreme Court order."). This suggests that the Bureau is also not a state actor for Section 1983 purposes, and that Petre's claim against the Bureau should fail for the reasons noted above.

But even if the Bureau were a state actor, Petre's claim would still fall short. To state a Section 1983 procedural due process claim, a plaintiff must plausibly allege that (1) he has a property right, (2) "the government has deprived him of that right," and (3) "the deprivation was effected without due process." *Henry v. City of New York*, 638 F. App'x 113, 115 (2d Cir. 2016). Assuming Petre had a property right in the workers' compensation benefits at issue, he has not plausibly alleged that the Bureau deprived him of that right (at all, let alone without the process due). After 2013, the Bureau controlled the day-to-day operations of AMICO. *See* Compl. ¶ 123; *Dinallo*, 877 N.E.2d at 648. But AMICO was not Petre's insurance carrier when he lost coverage for his physical therapy and anticonvulsant medication. PMA was. *See* Compl. ¶¶ 26, 64-66, 124. And the Bureau was not operating PMA. So, the complaint does not plausibly allege that the Bureau (or the insurance carrier it operated) had any hand in the alleged deprivations.

### IV.  Conclusion

For the foregoing reasons, the defendants' motions to dismiss are granted.  The complaint is dismissed without prejudice.[3]  The Clerk of Court is respectfully directed to close the case.


SO ORDERED.

                                    /s/ Eric Komitee
                                ─────────────────────────
                                ERIC KOMITEE
                                United States District Judge


Dated:    May 6, 2025
          Brooklyn, New York

---

[3]  Petre has also filed two motions to disqualify the presiding judge. *See* ECF Nos. 90, 92.  He cites his frustration that this case is not proceeding quickly enough, but mere delay in the disposition of a motion does not justify disqualification.  *United States v. Moritz*, 112 F.3d 506 (2d Cir. 1997) (table decision); *see also Riddick v. Semple*, No. 18-CV-313, 2018 WL 10741347, at *1 (D. Conn. May 22, 2018).  Petre's motions for disqualification are therefore denied.